WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Veronica Arnold, on behalf of herself and all other persons similarly situated, et al.,) ) ) | No. CV-01-1463-PCT- LOA |
| Plaintiffs, | **ORDER** |
| vs. | |
| Arizona Department of Public Safety, et al., | |
| Defendants. | |

On September 15, 2005, the Court directed the parties to show cause regarding: (1) whether a United States magistrate judge has jurisdiction over all members of the proposed class identified in Plaintiffs' Motion for Approval of Proposed Settlement and Class Certification (document # 58); and (2) assuming that the undersigned has such jurisdiction, whether the Court should deny Plaintiffs' Motion for Approval of Proposed Settlement and Class Certification (document # 58) as untimely.

After consideration of the relevant pleadings, as set forth below, the Court finds that the undersigned Magistrate Judge has jurisdiction over the proposed class pursuant to 28 U.S.C. § 636(c)(1) and that the Motion for Approval of Proposed Settlement and Class Certification is timely considering the unique circumstances of this case.

## BACKGROUND

On August 6, 2001, Plaintiff commenced this suit purporting to state a class action lawsuit against Defendants for civil rights violations under 42 U.S.C. § 1983 based on

allegations of racial profiling[1] in connection with traffic stops by Arizona Department of Public Safety ("DPS") law enforcement personnel on Interstate 40 in and around Flagstaff, Coconino County, Arizona.  Plaintiffs' suit is based in large part on a statistical study performed by one of Plaintiffs' expert witnesses, Dr. Fred Solop, in connection with ongoing criminal litigation in Coconino County.  Dr. Solop's study is predicated upon documents memorializing such traffic stops during 2000 which were produced pursuant to a discovery order[2] by the Coconino Superior Court in the aforementioned criminal litigation.

During 2002, however, it was discovered that certain documents regarding DPS traffic stops and related vehicle searches had been lost or destroyed by DPS.  Based on the missing DPS stop-and-search data, which, at a minimum, rendered Dr. Solop's "conclusions [subject] to challenge"[3] which conclusions were critical to proving Plaintiffs' case, Plaintiffs' failure to conduct any discovery in this federal case, the parties' inability to meet the established Rule 16 deadlines, and the uncertainty when the state court would timely order the important 2000 stop-data documents, the district court set an order to show cause why this action should not be dismissed. (document # 42)  On April 14, 2003, the assigned District Judge, finding that Plaintiffs would not be prejudiced by a dismissal without prejudice under Arizona's "savings statute,"[4] dismissed Plaintiffs' Complaint with leave to re-file if Plaintiffs discovered additional evidence of racial profiling by DPS, citing Johnson v. Mammoth Recreations, Inc., 975 F.2d

---

[1]   The parties' settlement agreement defines "racial profiling" as the "reliance on race, skin color, and/or ethnicity as an indication of criminality, reasonable suspicion or probable cause, except when part of a description of a suspect, and said description is timely, reliable and geographically relevant." (document # 58, p. 7)  Also see, Illinois v. Wardlow, 528 U.S. 119, 120 S.Ct. 673, 681 n. 10, 145 L.E.2d 570 (2000)(discussing reports of unlawful racial profiling by New Jersey State Police and Boston Police Department).

[2]   Plaintiffs did not request such documents in this federal civil action and did not contend that the Defendants in this action committed any discovery abuses or violated any orders of this district court. (document # 46)

[3]   Document # 46, p. 4, fn. 5.

[4]   Arizona Revised Statute ("A.R.S.") § 12-504;  Janson v. Christensen, 167 Ariz. 470, 472, 808 P.2d 1222, 1224 (1991). Federal courts borrow the statute of limitations for § 1983 claims applicable to personal injury claims in the forum state and the forum state's tolling rules. TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999). In Arizona, the courts apply a two-year statute of limitations to personal injury claims pursuant to A.R.S. § 12-542. Id.

1  604 ( 9th Cir. 1992)(district courts have substantial interest in being able to control their dockets

2  and providing timely adjudication of filed cases).  (document # 46)  At the time of dismissal,

3  over 2 1/2 years after the commencement of this lawsuit, Plaintiffs had not moved the district

4  court for class certification as required under Rule 23, FED.R.CIV.P.

5        Plaintiffs timely appealed the dismissal. While on appeal, the parties agreed to

6  participate in mediation conducted by Stephen Liacouris of the Ninth Circuit Court of Appeals

7  Mediation Program.  Mediation began on September 24, 2003 and continued until the parties

8  reached a settlement in January of 2005 on all issues raised in Plaintiffs' complaint  After

9  reaching their settlement agreement, the parties filed a stipulation with the Ninth Circuit to

10 dismiss the pending appeal, without prejudice to its reinstatement, so that jurisdiction could be

11 re-vested in the district court and the matter remanded for possible approval of the settlement.

12 On February 10, 2005, the Ninth Circuit dismissed the appeal without prejudice and remanded

13 this matter for review and approval of the settlement agreement.  (document # 57) With the

14 consent to assignment by the assigned District Judge, the parties consented to the undersigned

15 Magistrate Judge. (documents # 61 and # 62)

16        The parties now seek several orders: (1) an order suspending the judgment of

17 dismissal entered on April 14, 2003; (2) an order certifying a Plaintiffs' Class; and (3) an order

18 approving the parties' settlement agreement. (documents # 58 and # 59)

19        Before proceeding to the merits of any of the pending motions, the Court must

20 determine whether a United States magistrate judge has jurisdiction over the proposed class and

21 whether Plaintiffs' Motion for Approval of Class and Approval of the Settlement Agreement is

22 timely.  Briefing by the parties was requested.  On October 7, 2005, the parties filed their Joint

23 Response To Order To Show Cause. (document # 66)

24 **I. Jurisdiction over Proposed Class**

25        Title 28 U.S.C. § 636(c)(1) provides that "[u]pon consent of the parties, a full time

26 United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil

27 matter and order the entry of judgment in the case, when specifically designated to exercise such

28 jurisdiction by the district court or courts he serves." Id.  The parties' consent must be explicit

1   and unambiguous. Hajek v. Burlington Northern R.R. Co., 186 F.3d 1105, 1108 (9th Cir. 1999).

2   In a class action suit, the named parties may voluntarily consent to magistrate judge jurisdiction

3   on behalf of the entire class.  Williams v. General Electric Capital Auto Lease, Inc., 159 F.3d

4   266, 269 (7th Cir. 1998)(noting that where the named parties consented to proceed before a

5   magistrate judge under 28 U.S.C. § 636(c)(1) prior to the certification of the class, the unnamed

6   class members were bound by the consent.)  In Williams, all of the named parties consented to

7   magistrate judge jurisdiction and the plaintiffs decided, on behalf of the entire Class, to consent

8   to magistrate judge jurisdiction. Id.; Gomez v. Vernon, 255 F.3d 1118 (9th Cir. 2001)(magistrate

9   judge had jurisdiction by consent under 28 U.S.C. § 636(c)(1) over a class action in a civil rights

10  suit brought by six Idaho prisoners against the State Department of Corrections where all named

11  parties consented.); Crawford v. Equifax Payment Services, Inc., 201 F.3d 877 (7th Cir.

12  2000)(magistrate judge had jurisdiction under § 636(c)(1) to certify class and rule on approval

13  of class settlement); In re U.S. Bancorp Litigation, 291 F.3d 1035 (8th Cir. 2002)(magistrate

14  judge approved settlement of class action litigation by bank customers seeking punitive relief

15  and damages arising from bank's alleged disclosure of private information to third parties.)

16  Thus, the named parties' voluntary consent is the linchpin to magistrate judge jurisdiction under

17  the Constitution. Jaliwala v. United States, 945 F.2d 221, 224 (7th Cir.1991).

18          The consent of the unnamed class members is not necessary under 28 U.S.C. §

19  636(c)(1) because "[g]enerally speaking, absent class members are not 'parties' before the court

20  in the sense of being able to direct the litigation." Williams, 159 F.3d at 269 (citing In re Brand

21  Name Prescription Drug Antitrust Litigation, 115 F.3d 456, 458 (7th Cir. 1997)); United States

22  v. Real Property, 135 F.3d 1312, 1316 (9th Cir.1998)(in an in rem civil forfeiture action wherein

23  the plaintiff consented, magistrate judge had jurisdiction to enter a final judgment over

24  defaulted-person who was technically not a "party" to the litigation); Giove v. Stanko, 882 F.2d

25  1316, 1318 (8th Cir.1989)(determining that judgment debtor who failed to intervene in

26  garnishment action was not automatically a party to that action and need not have consented to

27  magistrate judge's jurisdiction).  Rather, the named plaintiff is the party to the lawsuit who acts

28  on behalf of the entire class including whether to consent to magistrate judge jurisdiction.

1   <u>Williams</u>, 159 F.3d at 269.  If any unnamed class members prefer an Article III district judge,

2   he or she may move to intervene in the suit under Fed.R.Civ.P. 24(a).  <u>Williams</u>, 159 F.3d at

3   269.  If permitted to intervene, the unnamed class member becomes a party who may refuse to

4   consent to proceed before a magistrate judge and the proceedings will be reassigned to a district

5   judge. <u>Id.</u> Alternatively, after entry of final judgment unnamed class members may collaterally

6   attack on due process grounds the class representative's decision to consent.  <u>Id.</u>  However, in

7   either case, unless it is shown that by deciding to consent to magistrate judge jurisdiction  the

8   class representative failed to adequately represent the interests of the unnamed class members,

9   the representative's consent binds the entire class. <u>Id.</u>

10          In view of the full consent of all Plaintiffs and all Defendants to magistrate judge

11   jurisdiction and the caselaw on the issue, the undersigned finds that he has jurisdiction over the

12   members of the proposed class pursuant to 28 U.S.C. § 636(c)(1).

13   **II.  Timeliness of Motion for Approval of Proposed Settlement and Class Certification**

14          The Court must next determine whether that part of Plaintiffs' Motion seeking

15   class certification should be denied as untimely filed.  Plaintiffs commenced this action over

16   four years ago and delayed in seeking class certification.  Plaintiffs explain that such delay was

17   the result of the complexity of the issues, the volume of discovery, the loss or destruction of

18   critical evidence which prevented Plaintiffs from establishing the factors which Fed.R.Civ.P.

19   23 requires for class certification, the intervening appeal, and the parties' decision to participate

20   in mediation.  (document # 66 at 8)  Defendants do not oppose class certification despite the

21   significant delay in moving the Court to do so.

22          When Plaintiffs filed suit in 2001, Fed.R.Civ.P. 23 required a court to determine

23   whether to certify a class "*as soon as practicable after commencement of an action*."   <u>Id.</u>

24   (Emphasis added).  In 2003, while this case was pending in district court, Congress amended

25   Federal Rule of Civil Procedure 23(c)(1)(A) to give federal courts more flexibility by permitting

26   the court to consider class certification "*at an early practicable time*."  Fed.R.Civ.P. 23 (2003).

27   The amendment to Rule 23 accounts for the judicial practice of ruling on pretrial motions,

28   including motions for summary judgment, before determining whether to certify a class.

1    <u>Managing Class Action Litigation: A Pocket Guide for Judges</u>, Barbara J. Rothstein & Thomas

2    E. Willging, FJC (2005).  The advisory notes to Rule 23 provide that the more relaxed standard

3    provides the parties and the court with the time necessary to gather information relevant to the

4    certification decision.  Advisory Committee Notes to Rule 23, Federal Rules of Civil Procedure,

5    Rev. Ed., p. 129, Thompson/West (2004).  In addition, the court may need to determine how the

6    case will be tried, consider pretrial motions, and explore the designation of counsel before

7    deciding whether to certify a class. <u>Id.</u>   The Advisory Committee Notes, however, warn that

8    the court should ensure that the certification decision is not "unjustifiably delayed." <u>Id.</u>  Unlike

9    some districts, the District of Arizona has no Local Rule on timeliness for seeking class action

10   certification.[5/]

11          Courts applying Rule 23, as amended, do not deny class certification based on

12   timeliness unless the delay has prejudiced a defendant.  <u>In re Spring Ford Indus.</u>, 2004 WL

13   231010 (Bankr.E.D.Pa. 2004).  In addition, courts, including the Ninth Circuit, have held that

14   so long as no prejudice results, it is permissible to proceed on the merits before class

15   certification. <u>Wright v. Schock</u>, 742 F.2d 541, 543 (9th Cir. 1984); <u>Evans v. Taco Bell Corp.</u>,

16   2005 WL 233384, * 3 n. 6 (D.N.H. 2005)(stating that "[i]t is well settled that, absent prejudice

17   to the plaintiff, a court may decide a defendant's motion for summary judgment in a putative

18   class action before taking up the issue of class certification.").

19          In view of the flexibility now permitted in amended Rule 23, the unusual

20   procedural posture of this case which contributed to the delay in seeking class certification, the

21   Defendants' concurrence in the request for class certification, the apparent absence of any

22   prejudice to any of the parties, and class certification would protect a larger group of people and

23   enhance the public policy against the unlawful discriminatory practice of racial profiling, the

24

25

---

26   [5/]   Rules of Practice of the United States District Court for the District of Arizona, as
     amended on December 1, 2004; <u>Joseph N. Main P.C. v. Electronic Data Sys. Corp.</u>, 168 F.R.D.
27   573 (N.D.Tex.1996)(district court denied class certification as untimely under Local Rule's 90
     day time period); <u>Umbriac v. American Snacks, Inc.</u>, 388 F.Supp. 265 (E.D.Pa.1975) (failure
28   to file class motion within time limits of Local Rule was a "<u>de minimis</u>" lapse).

1  Court finds that the motion for class certification is timely and should be considered on the
2  merits.  The Court, however, declines to rule on the merits of that motion at this time.

3        The Court will set this matter for a mandatory scheduling conference to be held
4  on Monday, November 21, 2005 at 2:00 p.m.  At that time, counsel and the Court will discuss
5  the following: (1) whether this matter complies with the jurisdictional rules of the Class Action
6  Fairness Act of 2005[6] ("CAFA"); (2) the appointment of appropriate class counsel under Rule
7  23(g); (3) the definition of the class; (4) whether the court should certify a "settlement class"
8  or a "litigation class," Amchem Products, Inc. v. Windsor, 521 U.S. 591, 620 (1997); Manual
9  for Complex Litigation (MCL 4th)  § 21.612, 21.632; Fed.R.Civ.P. 23(a) and (b); (5) review
10  notice plan(s) and notice to the class members to ensure the best notice practicable, and (6) any
11  other matter relevant to the proposed settlement or case. In preparation for the conference, on
12  or before November 15, 2005, the parties shall submit briefing on these issues and a proposed
13  joint order Certifying the Class which complies with Fed.R.Civ.P. 23.

14        Accordingly,

15        **IT IS ORDERED** setting this matter for a mandatory Rule 16 scheduling
16  conference for counsel of record on **Monday, November 21, 2005 at 2:00 p.m**. at which time
17  counsel for the parties will discuss the issues identified in this Order. The named parties may,
18  but are not required to, physically attend the scheduling conference.

19        **IT IS FURTHER ORDERED** that on or before **November 15, 2005**, the parties
20  shall file, either jointly or separately, briefing on the aforementioned issues and lodge a
21  proposed Order Certifying the Class, or separate proposed Orders if the parties disagree, which
22  complies with Fed.R.Civ.P. 23, as amended, to the undersigned's chambers email box in
23  Wordperfect format.

24  ///

25

26

27

28     [6]  Pub. L. No. 109-2, 119 Stat. 4 (2005).

1     **IT IS FURTHER ORDERED** that Plaintiffs' Motion for Approval of Settlement

2   Agreement and Class Certification (document # 58) is held in abeyance until further order of

3   this Court.

4        DATED this 18th day of October, 2005.

5

6

7                                   Lawrence O. Anderson
                                    United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28